**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-112-SDD-RLB |
| SEAN SHERLOCK | |

**RULING**

This matter is before the Court on the *Motion to Suppress*[1] filed by the Defendant, Sean Sherlock ("Defendant" or "Sherlock"). The United States ("the Government") has filed an *Opposition*[2] to this motion. The Court held an evidentiary hearing on this motion on December 5, 2017 and took the matter under advisement.[3] The Court has considered the arguments of the Parties, the testimony and evidence presented at the hearing, and the law as applied to the facts of this case. For the reasons set forth below, the Defendant's motion shall be DENIED.

**I.    FACTUAL BACKGROUND**[4]

On November 16, 2016, Special Agent Randall Gohn, Sr. ("Agent Gohn") of the Louisiana Department of Justice, applied to the 23rd JDC, Parish of Ascension, for a search warrant to search a residence in Gonzales, LA, for evidence of child pornography offenses.[5] The warrant application contained the following facts. In September of 2016, special agents of the Attorney General's Cyber Crime Unit were investigating peer-to-peer (P2P) file sharing networks used by child pornography offenders to trade child

---

[1] Rec. Doc. 17.
[2] Rec. Doc. 19.
[3] Rec. Doc. 20.
[4] The factual background was derived from the Parties' briefs and testimony presented at the hearing.
[5] Rec. Doc. 19 p. 1.
43185

pornography.[6] The investigation involved automated searching of P2P networks for file names indicative of child pornography.[7] Investigators received information from an automated search that, on September 20, 2016, the computer associated with a particular IP address had/possessed several files available for download that had file names indicative of child pornography.[8] Those files included the following:

> Webcam stickcam spycam – 12y – Chatzppl – Gegee 29Mar10.avi
> (( PTHC )) BRAZIL PROSTITUTES (21).jpg
> (( PTHC )) BRAZIL PROSTITUTES (30).jpg[9]

The Secure Hash Algorithm ("SHA" or "SHA-1")[10] values of the files were compared to SHA values of known child pornography.[11] Based on the comparison, at least one of the files was determined to be known child pornography. The Government then subpoenaed Cox Communications and found the IP address was assigned to a Cox Subscriber in Gonzales, LA.[12]

On November 16, 2016, Judge Thomas Kliebert, Jr. of the 23rd JDC, issued a warrant, authorizing a search of the Cox Subscriber's residence for the seizure of computers, electronic devices, digital storage media, and other items.[13] According to the Government, the Defendant was present at the residence during the execution of the warrant and admitted the residence was his home.[14] During the search, agents seized a computer from the Defendant's bedroom which was found to contain thousands of images

---

[6] Rec. Doc. 19-1 pp. 1-2.
[7] Rec. Doc. 19-1 p. 2.
[8] *Id.*
[9] Rec. Doc. 19-1 p. 3.
[10] The application for the search warrant describes SHA Values for computer files as much like a DNA identifier, only more rare and unique, statistically speaking. Rec. Doc. 19-1 p. 3.
[11] *Id.*
[12] Rec. Doc. 19-1 p. 3.
[13] Rec. Doc. 19-2 pp. 1-3.
[14] Rec. Doc. 19 p. 3.
43185

of child pornography.[15] Defendant was interviewed during the execution of the warrant and, after being advised of his *Miranda* rights, he admitted that he had downloaded, and continued to possess, child pornography on the computer in his bedroom.[16]

## II. LAW & ANALYSIS

### A. Motion to Suppress

Generally, "[t]he proponent of a motion to suppress has the burden of proving, by a preponderance of the evidence, that the evidence obtained was in violation of his Fourth Amendment rights.[17] Conversely, at a suppression hearing, the Government must prove, by a preponderance of the evidence, that the challenged evidence was lawfully obtained.[18]

### B. The Warrant Requirement and Good Faith Exception to the Exclusionary Rule.

A valid search warrant may be issued only upon a finding of probable cause.[19] The information necessary to show probable cause must be contained within a written affidavit given under oath.[20] Probable cause does not require proof beyond a reasonable doubt; a magistrate[21] need only have a substantial basis for concluding that a search would uncover evidence of wrongdoing.[22] A magistrate's determination is entitled to deference

---

[15] *Id.*
[16] *Id.*
[17] *United States v. Kelley,* 981 F.2d 1464, 1467 (5th Cir.1993)(quoting *United States v. Smith*, 978 F.2d 171, 176 (5th Cir.1992)).
[18] *United States v. Valenzuela*, 716 F.Supp.2d 494, 500 (S.D. Tex. 2007)(citing *United States v. Matlock*, 415 U.S. 164, 178 n. 14 (1974)).
[19] *United States v. Brown*, 941 F.2d 1300, 1302 (5th Cir. 1991).
[20] *Id.*
[21] In this case, Judge Thomas Kliebert, Jr. of the 23rd Judicial District Court made the probable cause determination and issued the warrant. The term "magistrate" used in the applicable case law is in reference to the decision maker for probable cause in a federal case; however, it is equally applicable to the present state court Judge.
[22] *Id.*

43185

by reviewing courts.[23] Even if the magistrate authorizes an otherwise invalid search warrant, officers may rely on the good faith exception to the exclusionary rule.[24] The good faith exception precludes the suppression of evidence obtained by law enforcement officers acting on an objectively reasonable good faith reliance on a search warrant, even if the affidavit on which the warrant was based was insufficient to establish probable cause.[25] However, an officer may not invoke the good faith exception if the affidavit upon which the warrant is founded is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and is thus a "bare bones" affidavit.[26] A bare bones affidavit is one that contains wholly conclusional statements about an affiant's knowledge and beliefs.[27]

While the Fifth Circuit has not reviewed a case under these specific circumstances, other circuits have determined that similar information contained in a warrant application was sufficient to establish probable cause. In *U.S. v. Beatty*,[28] the Third Circuit upheld a district court decision denying a motion to suppress based on allegations of insufficient probable cause. The court held that the graphic nature of the titles of the files found on the Defendant's computer, combined with information that the SHA-1[29] values of the files were identical to SHA-1 values known to authorities to be child pornography, was enough to establish probable cause. In *U.S. v. Stults*,[30] the Eighth Circuit confirmed that an

---

[23] *Id.*
[24] *See United States v. Leon*, 468 U.S. 897 (1984).
[25] *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988).
[26] *United States v. Kleinkauf*, 487 Fed.Appx. 836, 838 (5th Cir. 2012) (quoting *United States v. Mays,* 466 F.3d 335, 343 (5th Cir. 2006).
[27] *Id.* (citing *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006).
[28] 437 Fed.Appx. 185 (3rd Cir. 2011).
[29] While the application for search warrant in the present case refers to SHA values, the Court understands SHA-1 values used in *Beatty* to be the same.
[30] 575 F.3d 834, 843-844 (8th Cir. 2009).
43185

application for search warrant was supported by probable cause. In *Stults*, the application contained information of an investigation using P2P file sharing, an agent then identified a defendant's computer IP address as sharing files of child pornography, downloaded, reviewed, and identified those files as child pornography.[31]

The Fifth Circuit has reviewed a case wherein a search warrant identified that child pornography had been sent from a particular IP address was found to be supported by probable cause. In *U.S. v. Perez*,[32] an affidavit presented to the magistrate judge contained information that child pornography was sent by an e-mail from IP address 24.27.21.6.[33] After subpoenaing Time Warner Cable, FBI agents found the IP address was assigned to the defendant's residence.[34] The FBI agent also stated in the warrant that, in his experience, persons interested in child pornography typically retain numerous images of child pornography.[35] The court determined, based on this information, there was probable cause to believe that violations of child pornography laws would be found in the residence associated with the IP address.[36]

Here, Sherlock challenges the sufficiency of the affidavit and asserts that no reasonable officer could have believed the warrant was valid. In other words, Defendant argues that the search warrant was based on a "bare bones" affidavit such that the good faith exception cannot apply. In support of his argument, Defendant contends that the warrant application was merely a "form document" that only contained information that a

---

[31] *Id.*
[32] 484 F.3d 735 (5th Cir. 2007).
[33] *Perez*, 484 F.3d at 740.
[34] *Id.* at 738.
[35] *Id.* at 740.
[36] *Id.* at 741.
43185

computer associated with a particular IP address had file names strongly suggestive or indicative of child pornography rather than proof of actual child pornography. Defendant also argues that, according to the search warrant itself, after the computer search occurs, an investigator **must** review files and identify a pattern of activity that links a single IP address to specific files of child pornography. Essentially, Sherlock argues that the affidavit should have contained more than just the single computer search which returned what the Defendant contends was only three arguably questionable file names.

The facts presented in the current affidavit fall short of those presented in *Beatty, Stults,* and *Perez*. In each of those cases, law enforcement was able to present more detailed information for the magistrate to make an assessment as to probable cause, *i.e.* specific graphic nature of the identified file descriptions, actual download of the identified files, or testimony of actual receipt of child pornography. Additionally, as noted by the Defendant, the search warrant application states:

> Later, after the automated software system has run, an investigator can review the information obtained from one or more reports and identify a pattern of activity that links a single IP address (i.e. a specific offender) to specific files of child pornography with a high degree of accuracy. These automated systems have been tested by your affiant and proven reliable. These systems conducted search in similar manner as a law enforcement officer would but with much greater speed.[37]

The Court views this language as a guide for law enforcement as to best practices when conducting P2P searches, which was not followed in this case. But even if viewed as a protocol on best practices for investigation of suspected child pornography offenses, the language of the application clearly uses the permissive "can" instead of a mandatory

---

[37] Rec. Doc. 19-1 p. 2.
43185

"shall." The present application failed to contain any information of a pattern of activity for the particular IP address or any information as to the particular file(s) found on the Defendant's computer that matched the SHA values of known child pornography. However, the officers' failure to follow the protocol does not negate the probable cause found by the Judge who issued the warrant.

In light of all the facts presented in the matter, the Court finds that the present affidavit contained sufficient information such that it was objectively reasonable for law enforcement officers to rely on the search warrant in good faith. The Fifth Circuit has stated, "An affidavit supporting a search warrant for child pornography does not need to show specific, individualized evidence of possession of child pornography."[38] Rather, a court considering whether probable cause exists "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place."[39] The Defendant's argument overlooks a critical fact contained in the warrant application: the comparison and match of the SHA value of at least one of the files found on Defendant's computer to the SHA value of known child pornography. The Court finds that this additional fact was sufficient for Judge Kliebert to reasonably infer the likelihood that child pornography would be found in the places identified by the affidavit.

While the Court recognizes that law enforcement could have included more information in the warrant application, the good faith exception to the exclusionary rule applies to the facts of this case.

---

[38] *United States v. Kleinkauf,* 487 Fed.Appx. at 838 (quoting *United States v. Flanders,* 468 F. 3d 269, 271 n. 3 (5th Cir. 2006).
[39] *Id.* (citing *U.S. v. Froman*, 355 F.3d 882, 890-91 (5th Cir. 2004)).
43185

### III. CONCLUSION

For the reasons set forth above, the Defendant's *Motion to Suppress*[40] is DENIED.

The Court will set this matter for trial by separate notice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 4, 2018</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. No. 17.

43185